UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:15-73-KKC-EBA |
| | CIVIL NO. 5:21-160-KKC-EBA |
| Plaintiff/Respondent, | |
| V. | OPINION & ORDER |
| DANIEL RUSTY WHITT, | |
| Defendant/Petitioner. | |

*** *** ***

Defendant Daniel Rusty Whitt has moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (DEs 51, 54.) Pursuant to local practice, the motion was referred to United States Magistrate Judge Edward B. Atkins for review under 28 U.S.C. § 636(b)(1)(B). This matter is now before the Court on the magistrate judge's recommended disposition (DE 64) and Defendant's responses (DEs 65, 66). Having reviewed the recommended disposition and Defendant's responses, the Court will ADOPT the magistrate judge's recommended disposition and DISMISS Defendant's motion for § 2255 relief. A certificate of appealability SHALL NOT issue.

**I. Background**

In September 2015, Whitt was indicted by a grant jury on five felony counts relating to the possession and distribution of visual depictions of minors engaging in sexually explicit acts in violation of 18 U.S.C. §§ 2252(2) and 2252(a)(4)(B). (DE 1.) Whitt pled guilty to one count of the Indictment (DE 33) and waived his right to appeal the guilty plea, conviction, and sentence, or to collaterally attack the same, excepting claims of ineffective assistance of counsel. (DE 34.) Subsequently, on September 13, 2016, Whitt was sentenced

to 360 months of imprisonment to be followed by 20 years of supervised release. (DE 38.) Having been previously alerted by Whitt's counsel to some potential mental health history (DEs 19, 26), the Court also recommended that Whitt receive a medical and psychological evaluation while in Bureau of Prisons custody.

In June 2018, Whitt asked the Court to appoint him counsel to advise him on whether he might be eligible for a reduction in sentence or other post-conviction relief based on intervening caselaw. (DE 45.) The Court denied Whitt's motion, finding that the Court would have discretion to appoint counsel *after* he filed a § 2255 motion, which he had not yet done. (DE 48.) In May 2021, Whitt wrote to the Court again, which the Court construed as a motion for an extension of time to file a § 2255 motion. (DE 49.) Whitt explained that he had not received a formal mental health evaluation at Federal Medical Center Lexington, but he had been screened by Psychology Services at FCI Pembrook, a record of which he attached. (DE 49-1.) The Court denied Whitt's motion, noting that he had still not yet filed a § 2255 motion and that the proper course of action would be for Whitt to request equitable tolling of the § 2255 statute of limitations within a § 2255 motion if he decided to file one. (DE 50.) Whitt then filed a § 2255 motion on June 3, 2021. (DE 51.) Because Whitt's original § 2255 motion did not substantially follow the standard § 2255 form, Whitt was provided with a copy of the standard § 2255 form (DE 53), which he filled out and filed in August 2021. (DE 54.)

As grounds for relief, Whitt alleges "ineffective assistance of counsel" and "prosecutorial misconduct"—Whitt argues that neither his lawyer nor the prosecution should have accepted Whitt's guilty plea because of his self-professed "diminished capacity." (DE 54-1.) The United States responds in opposition that Whitt's § 2255 motion is untimely, Whitt is not entitled to equitable tolling because he cannot prove he is mentally

2

incompetent, and Whitt's claims fail on the merits. (DE 61.) Whitt filed a brief reply to the United States' response. (DE 63.)

Magistrate Judge Atkins issued a comprehensive memorandum disposition analyzing Whitt's motion. (DE 64.) Magistrate Judge Atkins determined that Whitt is not entitled to equitable tolling because he "has not made a sufficient showing that an alleged mental incapacity is causally linked to his failure to file his petition prior to the expiration of the statute of limitations." (DE 64 at 11.) Because Whitt is not entitled to equitable tolling, his petition—filed 1,349 days after the statute of limitations expired—is untimely. Magistrate Judge Atkins also recommended that no certificate of appealability issue.

Whitt submitted two responses to the recommended disposition. In the first, Whitt only writes: "If I'm too stupid to ask for a lawyer, I should not expect my motion to vacate be granted. Sorry to have wasted the court's time with such stupidity." (DE 65.) In the second (DE 66), Whitt recounts some of the personal history that he has previously (DE 49-1) shared with the Court.

The Court having reviewed Whitt's two responses to the recommended disposition, the matter is now ripe for the Court's review.

## II. Standard of Review

This Court performs a de novo review of those portions of the magistrate judge's recommended disposition to which the defendant has objected. *See* 28 U.S.C. § 636(b). The Court, however, is not required to perform a de novo review of any unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).

3

Because Whitt is proceeding pro se, the Court will review his filings under a more lenient standard than the one applied to attorneys. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). However, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are [also] improper." *United States v. David*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019).

### III. Analysis

Neither of Whitt's filed responses (DEs 65, 66) state a specific objection—or even a vague, general, or conclusory objection—to Magistrate Judge Atkins' recommended disposition. Because Whitt does not make any apparent objections to Magistrate Judge Atkins' recommended disposition, the Court will not conduct a de novo review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (explaining that in the absence of any objections to a magistrate judge's findings "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . .").

Having reviewed the record and the magistrate judge's recommended disposition, the Court agrees with the magistrate judge's analysis and conclusions.

### IV. Evidentiary Hearing

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

Here, because the record conclusively shows that Whitt is not entitled to relief because his motion is untimely, the Court will not hold an evidentiary hearing. *See Arredondo*, 178 F.3d at 782.

## V. Certificate of Appealability

Finally, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (discussing development of the standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting the requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)). Whitt has not made a "substantial showing" as to any claimed denial of rights. No reasonable jurist would find the Court's determination to be wrong or debatable. As a result, no certificate of appealability shall issue.

## VI. Conclusion

For the reasons outlined in this Opinion and in the United States Magistrate Judge's recommended disposition, the Court HEREBY ORDERS:

(1) Magistrate Judge Atkins' recommended disposition (DE 64) is ADOPTED and INCORPORATED, in full;

(2) Defendant's motion for equitable tolling (DE 54) is DENIED;

(3) Defendant's motions to vacate pursuant to 28 U.S.C. § 2255 (DEs 51, 54) are DISMISSED WITH PREJUDICE;

5

(4) Defendant's motion for appointment of counsel (DE 54) is DENIED AS MOOT;

(5) A certificate of appealability SHALL NOT issue, Defendant having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

(6) A Judgment will be entered contemporaneously with this Order.

This 3rd day of May, 2022.

*signature: Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY